UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANET REETZ, | Case No. 12-12465 |
| Plaintiff, | Marianne O. Battani |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 8)**

**I.     PROCEDURAL HISTORY**

On May 6, 2010, plaintiff filed her first appeal of the denial of social security disability benefits. (Case No. 10-11853, Dkt. 1). Defendant filed a motion to dismiss, asserting that plaintiff failed to exhaust her administrative remedies below because her request for review with the Appeals Council was untimely and she failed to articulate any good cause for her late request. (Case No. 10-11853, Dkt. 8). In response, plaintiff argued that she was misled by the Social Security Administration because she was told that her request for review was timely, as evidenced on the request itself, and thus, she had no reason to articulate any good cause for a late request for review. (Case No. 10-11853, Dkt. 12). The undersigned recommended (which recommendation was adopted by the District

Court, after no objections were filed), that defendant's motion to dismiss be denied and that the matter be remanded for consideration by the Appeals Council. (Case No. 10-11853, Dkt. 13, 14).

Plaintiff has now filed her second lawsuit, after the Appeals Council dismissed her request for review as untimely. (Dkt. 1). In this case, defendant filed a motion to dismiss again based on plaintiff's failure to exhaust her administrative remedies, given the Appeals Council's conclusion that her request for review was untimely. (Dkt. 8).[1] Plaintiff filed a response, arguing, among other things, that defendant's untimeliness defense was previously rejected in this first case and cannot be raised now. (Dkt. 12). In reply, defendant argues that the earlier remand required the Appeals Council to consider whether plaintiff had shown "good cause" for her untimely request for review. (Dkt. 13).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **DENIED**.

## II.    ANALYSIS AND CONCLUSION

Title 42 U.S.C. § 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such

---

[1] When defendant filed the motion to dismiss initially, none of the exhibits were attached. Those were subsequently filed separately, at the request of the Court. (Dkt. 14).

decision; and (3) filing of the action in an appropriate district court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). The accompanying regulations explain that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a). First, a claimant applies for benefits and receives an initial determination and, if dissatisfied with this determination, the claimant may request reconsideration. Second, if dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. Third, if the claimant is dissatisfied with the ALJ's decision, the claimant must request that the Appeals Council review the decision. Finally, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner or it may grant the request for review and issue its own decision, which then becomes the final decision of the Commissioner. The claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. §§ 416.1400(a)(5); 422.210. Defendant claims that, because there was no "final decision," this Court lacks subject matter jurisdiction.

However, it is well-established that the Commissioner may waive the exhaustion requirements of § 405(g). The Supreme Court has distinguished between a waivable element of the jurisdictional requirements of § 405(g) and a

non-waivable element. *Wright v. Califano*, 587 F.2d 345, 348-349 (7th Cir. 1978). The non-waivable element is the filing of an application for benefits and the waivable element is the "requirement that administrative remedies prescribed by the [Commissioner] be exhausted." *Id.*, citing, *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *Weinberger v. Salfi*, 422 U.S. 749 (1975); *see also Petty v. Astrue*, 550 F.Supp.2d 1089 (D. Ariz. 2008) (Commissioner may waive exhaustion requirement). The Sixth Circuit has observed that, by filing a claim for benefits, a plaintiff satisfies the "only truly jurisdictional requirement" found in § 405(g) because there is, therefore, "some decision by the [Commissioner]...." *Ahghazali v. Sec'y of Health and Human Services*, 867 F.2d 921, 927 (6th Cir. 1989), quoting, *Eldridge*, 424 U.S. at 328.

In the earlier report and recommendation, the undersigned found as follows:

> The facts are not in dispute. The Agency's records show that plaintiff's hearing decision was issued March 5, 2009. Plaintiff filed a request for review of the Administrative Law Judge's decision on May 15, 2009. The Appeals Council then dismissed plaintiff's request for review as untimely, an action which did not provide Plaintiff with appeal rights. Plaintiff filed a complaint in this court on May 6, 2010. According to plaintiff, however, she was informed by personnel at the SSA that her request for review was timely and points out that the portion of her request for review that was completed by the SSA indicated that it was timely. (Dkt. 8-1, p. 14, "9. Is the request for review received within 65 days of the ALJ's Decision/Dismissal? Yes X No __"). According to plaintiff, she did not provide any "good cause" for her

> late filing because she was told by the SSA that it was, in fact, timely.
>
> Under these circumstances, the undersigned concludes that plaintiff made a reasonable attempt to properly exhaust and defendant, without any bad faith, misled plaintiff into believing that her request for review was timely. Therefore, I recommend that the Court find that defendant has waived its right to seek a dismissal of this action based on any failure of plaintiff to exhaust her administrative remedies.

(Case No. 10-11853, Dkt. 13, Pg ID 67-68). The undersigned's findings were adopted by the District Court. Thus, there was a clear and specific finding that defendant had waived any claim of failure to exhaust administrative remedies.

In addition, the undersigned was also clear that the entire reason for the remand was the possibility that the Appeals Council's actions could have a substantive effect on the record, which should be complete before review takes place in this Court:

> The undersigned also recommends that the Court remand this matter to the Appeals Council for consideration of plaintiff's request for review because the course of action chosen by the Appeals Council could have a substantive affect on the outcome and the record. Specifically, the Appeals Council may, among other options, either conduct its own review (which might include reviewing the record as it exists, or taking new evidence as well as permitting briefs and/or oral argument) or it may remand the entire case, or certain specified issues, to the ALJ. *Cline v. Sec'y of Health and Human Serv.*, 875 F.Supp. 435, 438 n. 2 (N.D. Ohio 1995), citing, 20 C.F.R. § 404.967, *et. seq.*; *see also,*

> *Dawson v. Sullivan*, 136 F.R.D. 621, 623-624 (S.D. Ohio 1991). If the Council conducts its own review, its decision will become the final decision of the Commissioner subject to judicial review. *Cline*, at 438 n. 2. If the Council remands the matter to the ALJ, the ALJ will file a recommendation and, on the basis of both the record and the ALJ's new recommendation after remand, the Council will issue its decision, which is then final and subject to judicial review. *Id*. It is also possible that the Council may deny the request for review. But, in any event, in the view of the undersigned, in the interests of completeness, the administrative process should be exhausted before this Court reviews the decision below.

A *dismissal*[2] of the request for review based on untimeliness was simply *not* one of the options given to the Appeals Council on remand. Defendant's claim that the Court remanded this matter to allow plaintiff to present her just cause argument to the Appeals Council is not well-taken. Any concern the undersigned had that

---

[2] "It is important to distinguish between procedural decisions made by the Appeals Council and decisions which it makes on the merits. When a claimant seeks review by the Appeals Council, the Council first makes a procedural decision to either grant or deny review or to dismiss the request for review. The request for review is *dismissed* if it was not timely filed, if the parties request dismissal, or if a party dies and dismissal will not adversely affect the other parties. If review is *granted*, the Appeals Council may either conduct its own review (which might include reviewing the record as it exists, or taking new evidence as well as permitting briefs and/or oral argument) or it may remand the entire case, or certain specified issues, to the ALJ. If the Council conducts its own review, it will issue a decision which becomes the final decision of the Secretary subject to judicial review. If the Council remands the matter to the ALJ, the ALJ will later file a recommendation and, on the basis of both the record and the ALJ's new recommendation after remand, the Council will issue its decision, which is then final and subject to judicial review.

If, as in the instant case, the Appeals Council denies review, that denial renders final the decision of the ALJ. It is the decision of the ALJ, not the procedural decision of the Appeals Council to deny administrative review, which is subject to judicial review. *See* 20 C.F.R. §§ 404.967, et seq." *Cline*, 875 F.Supp. at 438 n. 2 (emphasis in original).

plaintiff was not able to present her good cause argument to the Appeals Council was assuaged by the earlier finding that this defense had been *waived* by defendant. Nothing in the earlier report and recommendation suggests that this defense could be resurrected on remand. Notably, defendant failed to object to the findings set forth in the earlier report and recommendation and should not be heard to complain about them now.

For these reasons, defendant's motion to dismiss should be denied. If this recommendation is adopted by the district court, the undersigned will issue an order requiring the filing of the transcript and setting a briefing schedule on the merits in this case.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 20, 2013  s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on May 20, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Robert H. Fortunate, Susan K. DeClerq, AUSA, and the Commissioner of Social Security</u>.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7850
                                            tammy_hallwood@mied.uscourts.gov